**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ROBERT DAVIS,

                Plaintiff,

    v.                                            No. 14-CV-511
                                                       (MAD/CFH)

JUDGE KUSHNER, Judge in Family
Court; CHRISTOPHER OBSTARCZYK,
Law Guardian in Family Court; KATRINA
RYAN, Spouse,

                Defendants.

---

**APPEARANCES:**                                       **OF COUNSEL:**

ROBERT DAVIS
Plaintiff, Pro Se
200 Clinton Avenue
Albany, New York 12210

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Robert Davis ("Davis"). Compl. (Dkt. No. 1). Davis has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP") (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

### I. Discussion

#### A. In Forma Pauperis Application

The Court has reviewed Davis's IFP application. Dkt. No. 2. Because Davis sets forth

sufficient economic need, the Court finds that Davis qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86–87 (2d Cir. 1995).

3

Davis brings this action pursuant to 42 U.S.C. § 1983 alleging certain inappropriate conduct of defendants. See generally Compl. Specifically, Davis alleges that defendant Judge Kushner had suspended his visitation rights and issued an order placing his daughter temporarily in the custody of a non-family member for the purpose of allowing his daughter to attend school. Id. at 2. Davis further alleges that defendant Obstarczyk, a law guardian for his daughter, had fabricated reports against Davis's interests. Id. at 3. Davis asserts that both defendants' actions were based on discrimination against him as a Muslim. Id. at 4. Davis is concerned that there is no indication whether the non-family member is or is not a pedophile. Id. at 2. For a more complete statement of the claims, reference is made to the complaint.

### i. Domestic Relations Exception to Jurisdiction

The Supreme Court has

> [l]ong ago observed that the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States. So strong is our deference to state law in this area that we have recognized a domestic relations exception that divests the federal courts of power to issue divorce, alimony, and child custody decrees.

Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12–13 (2004) (internal quotation marks, altercations, and citations omitted), abrogated on other grounds by, Lexmark Int'l Inc. v. Static Control Components, Inc., 134 S. Ct. 1377 (2014); see also McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (dismissing § 1983 action for lack of subject matter jurisdiction even where plaintiff did not seek "to alter the state court's child support modification determination" for merely deciding the constitutional allegations would require

4

the court "to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings"); Neustein v. Orbach, 732 F. Supp. 333, 339–40 (E.D.N.Y. 1990) (district court held it lacked jurisdiction because it could not resolve factual disputes connected to domestic relations).

Here, Davis seeks monetary damages for an unfavorable family court ruling that was allegedly motivated by his religious affiliation. However, were the Court to allow Davis proceed in this action, it would be forced to "re-examine and re-interpret all the evidence brought before the state court" in the earlier proceedings." McArthur, 788 F. Supp. at 709. As such, the domestic relations exception bars this Court from exercising its jurisdiction over the instant action. Furthermore, granting Davis an opportunity to amend his complaint would be futile because from the face of the complaint, the Court lacks subject matter jurisdiction. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Accordingly, Davis's complaint should be dismissed.[1]

---

[1] To the extent Davis was attempting to challenge any final decisions by the family court, this Court is precluded from exercising jurisdiction over the matter by the Rooker-Feldman doctrine, which provides that a federal district court has no authority to review final judgments of a state court in judicial proceedings except for constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. Rooker v. Fid. Trust Co., 263 U.S. 413, 414 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also Phifer v. City of New York, 289 F.3d 49, 57 (2d Cir. 2002) (holding the Rooker-Feldman doctrine barred plaintiff's claims attacking the family court's decision regarding custody, neglect, and visitation).

### ii. Judicial Immunity

It is well-established that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles v. Waco, 502 U.S. 9, 11–13 (1991) (internal quotation marks and citations omitted); Basile v. Connolly, 513 F. App'x 92, 93–94 (2d Cir. 2013) (citing Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009)) (same).[2] Further, judicial immunity is only abrogated by two limited set of circumstances whereupon the judge is being sued for actions which did not occur within his or her judicial capacity or the actions were taken despite a complete absence of jurisdiction. Mireles, 502 U.S. at 11–12. Davis alleges that Judge Kushner denied him custodial and visitation rights because he is a Muslim, thus, violating his civil rights. However, these vague and conclusory allegations relate to activities within a judge's judicial jurisdiction. Neither of the exceptions to judicial immunity are alleged here as the actions occurred while Judge Kushner was contemplating Davis's custodial rights to his daughter, over which Judge Kushner had appropriate jurisdiction. Accordingly, in the alternative, Davis's claims against Judge Kushner should be dismissed based on judicial immunity.

### iii. State Actor

Section 1983 of Title 42 of the United State Code provides, in relevant part,

---

[2] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

> [e]very person who, <u>under color of any statue, ordinance, regulation, custom, or usage, of any State</u> . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

<u>Id.</u> (emphasis added). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." <u>Flagg v. Yonkers Sav. & Loan Ass'n</u>, 396 F.3d 178, 186 (2d Cir. 2005) (citing <u>United States v. Int'l. Bhd. of Teamsters</u>, 941 F.2d 1292, 1295 (2d Cir. 1991)) (internal quotation marks omitted). To successfully state a claim under § 1983, a plaintiff must show state action, which entails allegations of injury caused by a state actor or a private party acting under color of state law. <u>Fabrikant v. French</u>, 691 F.3d 193, 206 (2d Cir. 2012); <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d 307, 323 (2d Cir. 2002) (citing <u>Spear v. Town of West Hartford</u>, 954 F.2d 63, 68 (2d Cir. 1992)). Law guardians are not state actors for purposes of § 1983 actions and are entitled to absolute quasi-judicial immunity. <u>Casino v. StonyBrook Univ. Med. Ctr.</u>, No. 13-CV-6357 (SJF)(GRB), 2014 WL 317368, at *6 (E.D.N.Y. Jan. 27, 2014) (collecting cases); <u>Yapi v. Kondratyeva</u>, 340 F. App'x 683, 685 (2d Cir. 2009) (citations omitted). Thus, Davis is barred from suing Obstarczyk in this action. Furthermore, Davis proffers no factual allegations going to how defendant Ryan is a state actor or had acted under the color of state law. Accordingly, in the alternative, Davis's claims against defendants Obstarczyk and Ryan should be dismissed based on Davis's failure to state a claim.

### C. Motion for Appointment of Counsel

Davis has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Davis is free to renew his request for appointment of counsel.

### II. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that Davis's IFP application (Dkt. No. 2) is **GRANTED**;[3] and it is further

**ORDERED** that Davis's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew if the present Report and Recommendation suggesting dismissal is not adopted; and it is further

**RECOMMENDED** that Davis's complaint be **DISMISSED** in its entirety due to the Court's lack of Subject Matter Jurisdiction; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Davis's complaint is **DISMISSED** for judicial immunity and failure to state a claim; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the

---

[3] Plaintiff should note that although his application to proceed IFP has been granted, he will still be required to pay other fees that he may incur in this action, including copying and/or witness fees.

8

foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 8, 2014
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge