**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT DAVIS,**

                            **Plaintiff,**

    vs.                                                  **1:14-cv-00511
(MAD/CFH)**

**JUDGE KUSHNER, Judge in Family Court;
CHRISTOPHER OBSTARCZYK, Law Guardian
in Family Court; KATRINA RYAN, Spouse,**

                            **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**ROBERT DAVIS**
200 Clinton Avenue
Albany, New York 12210
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On May 2, 2014, Plaintiff commenced this action *pro se* pursuant to 42 U.S.C. § 1983 against Judge Kushner, Christopher Obstarczyk and Katrina Ryan. *See* Dkt. No. 1. Plaintiff asserts that Defendant Kushner suspended his visitation rights and issued an order placing his daughter temporarily in the custody of a non-family member for the purpose of allowing his daughter to attend school. *See id.* at 2. Plaintiff further alleges that Defendant Obstarczyk, a law guardian for his daughter, had fabricated reports against Plaintiff's interests. *See id.* at 3. Plaintiff asserts that Defendants' actions were based on a discriminatory animus against his religious beliefs. *See id.* at 4.

In a Report-Recommendation and Order, Magistrate Judge Christian F. Hummel granted Plaintiff's IFP application and recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction, judicial immunity, and failure to state a claim. *See* Dkt. No. 5. Moreover, to the extent that Plaintiff is attempting to challenge a final decision by the family court, Magistrate Judge Hummel found that such a claim is barred by the *Rooker-Feldman* doctrine. *See id.* at 5 n.1. Finally, Magistrate Judge Hummel recommended that the Court find that permitting amendment would be futile and, therefore, dismiss the complaint with prejudice. *See id.* at 5. Plaintiff has not objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Hummel provided Plaintiff adequate notice that he was required to file any objections to the Report-Recommendation and Order, and specifically informed him that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 5 at 8-9. Specifically, Magistrate Judge Hummel informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)." *See id.* Magistrate Judge Hummel clearly provided

Plaintiff with sufficient notice of the consequences of failing to object to the Report-Recommendation and Order.

Upon a review of the Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should dismiss Plaintiff's complaint because it lacks subject-matter jurisdiction over the claims.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge